David A. Hytowitz
Oregon State Bar ID Number OSB 751929/WSB 34563
David.Hytowitz@LibertyMutual.com
Law Offices of Thomas A. Andersen
PO Box 4400
Portland, OR 97208-4400
(503) 736-7964
(800) 972-3206
    Of Attorneys for Defendant Stumptown Properties, LLC.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| GENE PFEIFER; RONALD PFEIFER; INNOVATIVE DESIGN & CONSTRUCTION, LLC, an Oregon limited liability company; and TRUSTEE, GENE PFEIFER on behalf of the JOHN A. PFEIFER TRUST UTRA 03-28-95, fdba Trust Solutions,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CITY OF SILVERTON; SILVERTON FIRE DISTRICT; DARYL JONES; BRYAN COSGROVE; RICHARD D. RODEMAN; LINDA SARNOLFF; KEN HECTOR; SHERRY HEOFEL; BILL CUMMINS; KYLE PALMER; STU RASMUSSEN; DENNIS STOLL; RANDAL THOMAS; VICE HERMAN; JAMIE BAXTER; STUMPTOWN, LLC, an Oregon limited liability corporation; PAUL ANDERSON; and JOSEPH NICHOLETTI,<br><br>　　　　Defendants. | Case No.: CV 09-19646-TC<br><br>DEFENDANT STUMPTOWN PROPERTIES, LLC REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT |

| | |
|---|---|
| Page 1 –DEFENDANT STUMPTOWN'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT | Law Offices of Thomas A. Andersen<br>650 NE Holladay, PO Box 4400<br>Portland, Oregon 97208-4400<br>Telephone: (503) 736-7964<br>Facsimile:  (800) 972-3206 |

Defendant Stumptown Properties, LLC ("Stumptown") incorporates and adopts by reference the City of Silverton Defendants' Reply ("Silverton") in Support of their Motion for Summary Judgment. Defendant also incorporates and adopts by Reference Silverton Defendant's objections to the inadmissible attachments and Affidavits/Declarations to Plaintiff's Opposition to Defendants' Motions for Summary Judgment. As noted by Silverton Defendants, the evidentiary objections require the Court's ruling.

Defendant Stumptown submits the following Reply in Support of its Motion for Summary Judgment:

**Plaintiffs have not satisfied their burden to come forward with admissible evidence to support necessary elements of their claims for relief.**

Despite plaintiffs' attempts to characterize the circumstances of this case as actionable conduct by vindictive City and fire officials and to paint David Leonard, manager of Stumptown, as some type of all knowing party and as a co-conspirator, Plaintiff's rendition of the facts is not supported by admissible evidence and, in any event, fails to create a genuine issue for trial as to any of their claims for relief.

The Statement of Facts of Defendant Stumptown presented in its Memorandum in Support of Summary Judgment is undisputed and supported by the evidence. There are no disputed facts presented that Stumptown had any active part in the government action taken by the City and Fire officials

regarding the potential danger they found (when allowed on the property by Plaintiff's employee), while in the course of their duties on the property. Stumptown's only involvement was to authorize the power company to cut the power to a particular location on the initial date of the incident as owner of the property and to cooperate with the government agency orders to remedy the hazards identified from the Pfeifers' over 50 year occupancy and control of the property. While Stumptown could have terminated the tenancy of the Pfeifer entities, it allowed them to remain another 27 months despite not being reimbursed for the costs of the cleanup as promised and agreed in the new lease they allowed Pfeifer.

    Defendant Stumptown never forced Ron Pfeifer to exit his lab (which there is no proof Stumptown was even aware of) on the second floor of the 622 Water Avenue Building. Ron Pfeifer was able to remove chemistries from the lab the night before the government officials actually inspected it. Ron Pfeifer was able to remove his property and when the lab chemistries were removed, he only lost two to three items. There is no evidence that Ron Pfeifer could not have set up a proper lab in the 622 Water building once the government concerns were dealt with, just as Gene Pfeifer and the other Pfeifer entities did. The Pfeifer entities owned or run by Gene Pfeifer continued to occupy and use the property for another 27 months after the events which are the subject of this suit. The Pfeifer entities only vacated the property after 27 months when they again failed to meet their contractual obligations.

Page 3 –DEFENDANT STUMPTOWN'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Law Offices of Thomas A. Andersen
650 NE Holladay, PO Box 4400
Portland, Oregon 97208-4400
Telephone: (503) 736-7964
Facsimile: (800) 972-3206

While Plaintiffs' attempt to allude to an ulterior motive or action by David Leonard or Stumptown in their memorandum, there is no evidence of such motive or actions, let alone admissible evidence. Plaintiffs' unfounded accusations without evidentiary support is insufficient to survive summary judgment. *See, Anderson v Liberty Lobby, Inc.*, 407 U.S. 242, 252, 106 S.Ct. 2505 (1986). And on their own, even if they had support, plaintiffs' theory does not survive summary judgment as set forth by Stumptown and Silverton Defendants in their respective Motions for Summary Judgment and Memorandum in Support. *See, Anderson v Liberty Lobby, Inc., supra*.

Stumptown complied with governmental orders that Plaintiff conceded were initiated by public entities empowered with health and safety enforcement. Hytowitz Decl. Ex. B, GP Depo. 521:13-20. While Plaintiffs' may be unhappy that Stumptown or its agents did not try to delay by "talking" about the imposition of the orders, Stumptown, as owner of the property at the time, had no choice but to make sure those orders were followed. As Gene Pfeifer himself said: "The City made a decision as to what path they wanted to take." Hytowitz Decl. Ex B, GP Depo 523:17-18, 526: 23-25-527: 1-16.

Plaintiffs' Reply provides no evidence or other admissible facts to rebut or create an issue of fact; only more unsupported speculation or theory that does not support a genuine issue of material fact as to any claim against Defendant Stumptown. See also Hytowitz Decl. Ex. B, GP Depo 531:1-533:6.

Page 4 –DEFENDANT STUMPTOWN'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Law Offices of Thomas A. Andersen
650 NE Holladay, PO Box 4400
Portland, Oregon 97208-4400
Telephone: (503) 736-7964
Facsimile: (800) 972-3206

Defendant Stumptown is entitled to Summary Judgment in its favor as a matter of law on all of plaintiffs' claims.

Respectfully submitted this 20th day of June, 2012.

Law Offices of Thomas A. Andersen

*/s/ David A. Hytowitz*
David A. Hytowitz, OSB 751929
Law Offices of Thomas A. Andersen
PO Box 4400
Portland, OR 97208-4400
David.Hytowitz@LibertyMutual.com
(503) 736-7964
Of Attorneys Defendant Stumptown Properties, LLC.

Page 5 –DEFENDANT STUMPTOWN'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Law Offices of Thomas A. Andersen
650 NE Holladay, PO Box 4400
Portland, Oregon 97208-4400
Telephone: (503) 736-7964
Facsimile: (800) 972-3206

## CERTIFICATE OF SERVICE

I hereby certify that I have served on the date set forth below the foregoing DEFENDANT STUMPTOWN PROPERTIES, LLC REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT upon:

Ronald Downs
Attorney at Law
PO Box 12613
Salem, OR 97309

Richard Kuhn
Attorney at Law
1000 SW Broadway Ste 2000
Portland, OR 97205

Sonia Montalbano
Elliot Ostrander & Preston, PC
707 SW Washington St., Ste. 1500
Portland, OR 97205

Chris Davis
Attorney at Law
PO Box 25426
Portland, OR 97298

Gene Pfeifer
P.O. Box 396
Silverton, OR 97381

Ronald Pfeifer
P.O. Box 396
Silverton, OR 97381

by the following indicated method(s):

☒ by mailing to said attorney a copy thereof, certified by me as such, contained in a sealed envelope, with postage paid, addressed to said attorney at their last known address and deposited in the post office at Portland, Oregon on the date set forth below.

☐ by hand-delivering and leaving a copy thereof at said attorney's office with their clerk therein, or with a person apparently in charge thereof, at the office address noted above on the date set forth below.

☐ by personally handing said attorney a copy thereof, certified by me as such, on the date set forth below.

☐ by faxing to said attorney a copy thereof, certified by me as such, during normal office hours, addressed to said attorney at their last known facsimile number as indicated above. Proof of such transmission is attached hereto.

Dated this 20th day of June, 2012.

_____
David A. Hytowitz, OSB No. 751929
Attorney for Defendant Stumptown
Properties, LLC.

PAGE 1 –CERTIFICATE OF SERVICE